890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sergio M. DAMIANI, Petitioner-Appellant,
v.
UNITED STATES Of America, Respondent-Appellee.
 No. 89-3250.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1989.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Sergio M. Damiani seeks the return of certain items of jewelry that were seized from the premises that serve as his home and his place of business. The items, together with over 20,000 documents and other items of jewelry, were seized by the Internal Revenue Service (IRS) on August 26, 1988, pursuant to a search warrant.
 
 
 2
 On November 23, 1988, appellant filed a motion for the return of property seized during the execution of the search warrant. On January, 18, 1989, the District Court referred the motion to a Magistrate for report and recommendation. The Magistrate filed his recommendations on February 8, 1989. Because both parties objected to his recommendations, the District Court reviewed the Magistrate's findings.
 
 
 3
 This appeal concerns only certain of the seized items--namely, two rings that were found in a plastic bag in appellant's basement. The Magistrate found that the search warrant affidavit did not establish probable cause to seize the rings, and he therefore recommended that the two rings be returned to appellant unless the government could present evidence in camera of any value the rings might have as evidence in a grand jury investigation. The District Court, however, found that the two rings were lawfully seized pursuant to the warrant and that, in any event, appellant did not show that he was entitled to the return of the rings.
 
 
 4
 We find that there is sufficient evidence to warrant the District Court's finding that the rings were lawfully seized. Accordingly, we AFFIRM the District Court's denial of appellant's motion for partial return of property.
 
 
 5
 On August 26, 1988, following an extensive undercover investigation, agents of the Internal Revenue Service executed a search warrant at the home and business of appellant, 1356 Haines Avenue, Grandview Heights, Ohio, a single-family, two-story building with a basement. The search warrant and affidavit in support of that warrant authorized IRS agents to seize a variety of documents and jewelry, including two large diamond rings found in a plastic baggie in the basement of appellant's premises.
 
 
 6
 Appellant argues that the rings should be returned to him because the District Court erred in finding that they were lawfully seized. Specifically, appellant contends that the search warrant affidavit did not establish probable cause to warrant seizure of the rings. This court has stated:
 
 
 7
 Probable cause to conduct a search exists when the facts and circumstances described in the affidavit indicate a "fair probability" that evidence of a crime will be located on the premises of the proposed search.... In deciding whether there is probable cause to believe that contraband or evidence is located in a particular place, the "totality of the circumstances approach" should be used.... Affidavits in support of an application for a search warrant are to be reviewed by both courts and magistrates in a realistic and common sense fashion.
 
 
 8
 United States v. Algie, 721 F.2d 1039, 1041 (6th Cir.1983) (citations omitted).
 
 
 9
 Paragraph 42 of the search warrant affidavit provides the following facts related to the two rings:
 
 
 10
 Damiani told Monaghan [the undercover agent] that a friend of his got in trouble with the IRS in Florida. The friend owes the IRS thousands of dollars. Damiani said he was holding 2 rings for the friend in his basement, until the friend gets out of jail. Damiani showed Monaghan the two rings which Monaghan described as follows....
 
 
 11
 Joint App. at 26. This paragraph is followed by a detailed description of the two rings.
 
 
 12
 Appellant argues that this paragraph is the only reference to the rings in the entire affidavit, and that the paragraph does not establish a probability that appellant's possession of the two rings was part of an illegal agreement concerning the unidentified friend's tax liability or a larger conspiracy to help persons avoid tax liability by not reporting currency transactions. Appellant fails to recognize that the remaining portion of the affidavit contains evidence sufficient to support a finding of probable cause that appellant's possession of the two rings involved criminal intent. For example, there was evidence that appellant would not report the receipt of large amounts of cash to the government (Joint App. at 20); that he would exchange gold coins for cash "off the books" and without performing any paperwork (Joint App. at 21); that appellant was aware that he was breaking two or three laws (Joint App. at 23); that he would only deal with one person in the room because he did not want any witnesses (Joint App. at 23); that he frequently does cash transactions without paperwork (Joint App. at 23); that appellant instructed the undercover agent not to use his real name in certain transactions (Joint App. at 23); that appellant would provide the agent with a written statement that the agent was holding diamonds on consignment for appellant when this would not be the case (Joint App. at 25); and that appellant stated to the agent that he does not report customers who deal in large amounts of currency to the IRS and that he has assisted other customers in concealing large currency purchases of jewelry (Joint App. at 26).
 
 
 13
 We believe that these facts described in the affidavit "indicate a 'fair probability' " that evidence of a conspiracy to defraud the United States under 18 U.S.C. Sec. 371 would be located on appellant's premises. Algie, 721 F.2d at 1041. Such a conspiracy is defined to reach not only situations where the United States is actually deprived of funds but also " 'any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government.' " Dennis v. United States, 384 U.S. 855, 861 (1966) (quoting Haas v. Henkel, 216 U.S. 462, 479 (1910)). The District Court did not err in finding that the facts set forth above established probable cause that appellant was engaged in a conspiracy for the purpose of obstructing the lawful function of the IRS. We agree with the District Court that:
 
 
 14
 A commonsense reading of paragraph 42 suggests the reasonable inference that Mr. Damiani was holding the two rings for his friend in Florida who owed the IRS "thousands of dollars" to assist the friend in frustrating an IRS levy on the property.[1] This interpretation is supported by other information in the affidavit....
 
 
 15
 Joint App. at 123 (footnote added). Accordingly, we AFFIRM the District Court's denial of appellant's motion for the partial return of property.[2]
 
 
 
 [1]
 We disagree with appellant that "it is simply not posible to conspire to frustrate a levy that has not yet issued." One may conspire to prevent a levy from issuing, thereby "conspiring to frustrate a levy that has not yet issued."
 
 
 [2]
 Because we find that the District Court did not err in finding that the rings were lawfully seized, we need not reach the issue of whether appellant must show or has shown a need for the return of the rings or that he will suffer irreparable harm if the two rings are not returned prior to the completion of the criminal investigation